Daniel, Judge.
If the relation of master and servant does not subsist, actually or constructively, at the time, the . -father cannot maintain either an action of trespass, or an action on the case for the seduction or the debauchery of his daughter. The rule is settled that if the daughter be of age, she must be in her father’s service, so as to constitute in law and in fact, thehelation of master and servant, in order to entitle her father to a suit for seducing her. Nickle- *46 son v. Stryker, 10 John. Rep. 116—Postlethwaite v. Parks, 3 Bur. Rep. 1878. These were actions of trespass, but ru^e *s same’ ^ acti°« case- . In Satterthwaite v. Dewhurst, 26, Eng. Com. Law Rep. 378, Lord Mansfield in delivering the opinion of the Court said, “ This is an action on the case for debauching the plaintiff’s daughter, by means of which the daughter was unable to maintain herself, and the plaintiff was obliged to maintain her. After looking into the cases, we find there is no precedent of such an action, unless upon a good servitium amisit. The case of Russell v. Corne, 2 Lord Rayne. Rep. 1031—Salk. 119, is in point. This is an action brought by a third person for the incontinence of two people, both of whom may possibly be of age ; least it does not appear that they are otherwise. We are of opinion that this action cannot be maintained. The case in 5 Cowen’s Rep. 106, relied on by the plaintiff’s counsel, whether it be law or not, is not apposite. It only goes the length of declaring that if the daughter be under age at the time of seduction, she will be presumed to be under the control and protection of her father so as to entitle him to the action to recover the expenses attending her confinement and the loss of her services, whether she actually resided with him or not, at the time of the seduction. In the case now before us, the daughter was of full age, and did not live with her father at the date of the debauchery. At that time there was no legal obligation on the father to maintain and take care of her, either in sickness or in health. In no way was the relation of master and servant shown to subsist between them. Therefore the charge of the Judge to the jury, that if they believed the testimony of the daughter, the plaintiff was entitled ito recover, we think was erroneous, and there must be a new trial.
Pee Cueiam. Judgment reversed.